O'Brien v Kaplan (2025 NY Slip Op 03141)

O'Brien v Kaplan

2025 NY Slip Op 03141

Decided on May 22, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 22, 2025

Before: Webber, J.P., Moulton, Higgitt, Michael, JJ. 

Index No. 652840/20|Appeal No. 4434|Case No. 2024-05269|

[*1]Edward O'Brien etc., et al., Plaintiffs-Appellants,
v
Lawrence Kaplan et al., Defendants-Respondents, Corporate Solutions Group Re Partners, LLC, Defendant.

Berlandi Nussbaum & Reitzas LLP, New York (John P. O'Brien of counsel), for appellants.
Morrison Cohen LLP, New York (Donald H. Chase of counsel), for respondents.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about July 12, 2024, which, to the extent appealed from and appealable as limited by the briefs, denied plaintiffs' motion for leave to amend their complaint to reinstate claims against defendant CSG RE Partners, LLC, and to renew their opposition to defendants' motion to dismiss, unanimously affirmed, with costs.
Plaintiff Edward O'Brien is an investment banker specializing in locating potential clients interested in engaging in employee stock ownership plans (ESOP). In 2009, he and defendant Kaplan formed a partnership in which he and Kaplan would each serve as investment bankers to owners of middle-market companies to effect ESOP transactions. O'Brien agreed that he would recruit potential clients, who were interested in engaging in the ESOP transactions, and bring them to an entity controlled by Kaplan who would then effectuate and service the ESOP transactions. In return for the services being provided to them, the ESOP clients paid a fee to CSG RE. O'Brien and Kaplan agreed that they would evenly split the gross revenue that came from those transactions. O'Brien solicited and recruited clients for CSG starting in 2009 and then for CSG RE from 2013 until his termination in 2019. In June, 2020, O'Brien and SOP Shop, LLC, commenced the instant action claiming entitlement to unpaid fees for soliciting and securing clients to invest.
Supreme Court dismissed the complaint, finding that plaintiffs' claims for finder commissions were barred by the statute of frauds as there was no written agreement supporting such an entitlement. Defendants then moved for leave to amend their complaint and for leave to reargue and renew dismissal. Supreme Court denied the motion to reargue and the motion to renew and denied that portion of the motion for leave to amend the complaint that sought to reinstate claims.
As an initial matter, that part of the order that denied reargument is not appealable (see Kolodziejski v Jen-Mar Elec. Serv. Corp., 231 AD3d 438 [1st Dept 2024]). The court did not consider the merits of plaintiffs' arguments; rather, it concluded that it did not overlook or misapprehend anything in its original decision (cf. Lewis v Rutkowsky, 153 AD3d 450, 453 [1st Dept 2017]).
The court providently exercised its discretion by denying plaintiffs' motion to renew. Plaintiffs argued that Kaplan's admissions took the oral agreement on which they base their claims out of the statute of frauds. However, Kaplan's admission at his deposition did "not include all the essential terms of the alleged agreement" (Nemelka v Questor Mgt. Co., LLC, 40 AD3d 505, 506 [1st Dept 2007], lv denied 10 NY3d 705 [2008]).
Plaintiffs' argument that defendants should be estopped from relying on the statute of frauds because "enforcement of the statute . . . would inflict such an unjust and egregious result . . . that the resulting injury would be unconscionable" (Matter of Hennel, 29 NY3d 487, 489[*2], 494 [2017]) was properly rejected by the court. Even if some unfairness results from applying the statute of frauds here, that unfairness is not necessarily unconscionable (see id. at 497).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 22, 2025